

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00027-CR

ELLANN PATRICE FORD, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27389

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Ellann Patrice Ford entered a plea of guilty to the charge of possessing "50 pounds or less but more than 5 pounds" of marihuana, TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4) (West 2010), and submitted the issue of punishment to a jury. That jury assessed a sentence of seven years' imprisonment, and Ford was ordered to pay $8,830.30 in attorney's fees and $266.25 in court costs. On appeal, Ford complains that the trial court erred in assessing attorney's fees against her because she is indigent and that there is no evidence to support the amount of court costs included in the trial court's judgment. The State concedes error in the assessment of attorney's fees. Although the State's brief admitted that "[a] bill of costs was not originally submitted with the clerk's record in this case," a supplemental clerk's record containing a bill of costs was thereafter filed with this Court. We modify the judgment to delete the assessment of attorney's fees, and affirm the judgment, as modified.

## I. Order to Pay Attorney's Fees Was Erroneous Absent a Finding that Ford Had the Ability to Pay Them

Ford was found to be indigent, and counsel was appointed for her at trial and on appeal. Under Texas Code of Criminal Procedure Article 26.05(g), a trial court has the authority to order the reimbursement of court-appointed attorney's fees. This Article states:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the

2

propriety of ordering reimbursement of costs and fees.'" *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Further, Article 26.04(p) provides that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). No evidence was presented that Ford's financial condition had improved since the determination that she was indigent.

Here, the State concedes that the record before us does not contain any determination or finding by the trial court that Ford had any financial resources or was able to pay the appointed attorney's fees. Thus, the assessment of the $8,830.30 in attorney's fees was erroneous and should be redacted from the judgment. *See generally Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Washington v. State*, No. 06-12-00162-CR, 2013 WL 1908706, at **4–5 (Tex. App.—Texarkana May 8, 2013, no pet. h.) (mem. op., not designated for publication); *Rodriguez v. State*, No. 06-12-00167-CR, 2013 WL 375408, at *1 (Tex. App.—Texarkana Jan. 31, 2013, no pet.) (mem. op., not designated for publication).[1]

We sustain Ford's first point of error.

## II. The Assessment of Court Costs Is Supported by the Bill of Costs

A claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer*, 309 S.W.3d at 556. "A clerk of a court is required to keep a fee record, and a statement

---

[1]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547.

During sentencing, the trial court orally pronounced that Ford was to pay "court costs in the amount of $266.25 for the final totals of the witness fees that have been submitted to the Court." The State's brief claimed that "the District Clerk did prepare and file an unsigned bill of costs as a part of the clerk's record on February 13, 2013. The filing was not included in the initial copy of the clerk's record submitted to the Court in this case." We note that we have subsequently received a supplemental clerk's record that contained a bill of costs correctly reflecting the amount of costs assessed. Accordingly, the record sufficiently supports the inclusion of court costs. *See* TEX. R. APP. P. 34.5, 44.3; TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

Ford's second point of error is overruled.

4

## III.    Conclusion

We modify the judgment to delete the assessment of attorney's fees against Ford.  We affirm the judgment, as modified.


Bailey C. Moseley
Justice

Date Submitted:    July 3, 2013
Date Decided:    July 10, 2013

Do Not Publish

5