

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00161-CR

HYLAS DEANGELO POLK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd District Court
Dallas County, Texas
Trial Court No. F-11-51317-P

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

A jury convicted Hylas Deangelo Polk of the offense of unlawful possession of a firearm by a felon, habitual offender. Pursuant to a negotiated plea agreement on punishment, Polk pled true to the State's enhancement allegation, and the trial court sentenced Polk to fifteen years' imprisonment. Additionally, the trial court ordered Polk to pay $244.00 in court costs. On appeal,[1] Polk argues that (1) the evidence is insufficient to support the award of court costs in the absence of a bill of costs and (2) the trial court's judgment (a) incorrectly reflects that he pled guilty, (b) incorrectly reflects that he was convicted by the court instead of the jury, and (c) incorrectly omits his plea of true to and the trial court's finding on the State's enhancement allegation.[2]

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation on a criminal defendant to pay court costs, irrespective of whether or not that bill is

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We decide this case pursuant to the precedent of the Fifth Court of Appeals. *See* TEX. R. APP. P. 41.3.

[2]Polk also appeals from convictions on two counts of aggravated assault with a deadly weapon and criminal mischief in our cause numbers 06-13-00159-CR, 06-13-00160-CR, and 06-13-00162-CR.

incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a certified bill of costs, the record is insufficient to support the order of court costs.

The clerk's record in this case did not originally include a bill of costs. Pursuant to the precedent of the Dallas Court of Appeals, we ordered the Dallas County District Clerk to prepare and file an itemized bill of costs. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). In response, we received an unsigned, unsworn computer printout supporting the amount of costs along with a "Bill of Costs" certification signed by the Dallas County District Clerk which averred that the printout constitutes "costs that have accrued to date." The Dallas Court of Appeals has held that this type of filing constitutes a bill of costs. *Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398, at *1 (Tex. App.—Dallas Jan. 31, 2014, no pet. h.) (mem. op., not designated for publication) (citing *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at **4, 5 (Tex. App.—Dallas July 29, 2013, pet. ref'd)).

Because the supplemental record contains a bill of costs supporting the amount assessed, Polk's issue is moot. *See Franklin*, 402 S.W.3d at 895. We overrule Polk's first point of error.

Next, Polk argues that the trial court's judgment (1) incorrectly states that he pled guilty, (2) incorrectly states that he was convicted by the court, and (3) omits his plea of true and the trial court's finding of true to the State's enhancement allegation. This Court has the power to correct and modify a judgment of a trial court for accuracy when the necessary data and information are part of the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The State concedes the errors in the judgment and agrees that modification is

required in the manners requested by Polk. Our independent review of the record confirms the same. We sustain Polk's second point of error.

Having sustained Polk's second point of error, we modify the trial court's judgment (1) to reflect that Polk pled not guilty to the offense of unlawful possession of a firearm by a felon, (2) to reflect that Polk was convicted by a jury, and (3) to reflect his plea of true and the trial court's finding of true to the State's enhancement allegation.

We affirm the judgment as modified.


Jack Carter
Justice

Date Submitted:      January 28, 2014
Date Decided:      February 27, 2014

Do Not Publish

4