NO. 07-10-0499-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 12, 2011

_____

JIMMY MURRELL OWEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 11,767-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

By this appeal, Appellant, Jimmy Murrell Owen, challenges the trial court's *Order to Withdraw Funds*[1] from his inmate account. On November 22, 2010, twelve years

---

[1]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding. The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See id.* at § 501.014(e)(1)-(6). *See also Harrell v. State,* 286 S.W.3d 315, 316 n.1 (Tex. 2009). Therefore, rather than refer to that document as an order, we prefer to use the term "withdrawal notification" to avoid confusion with the underlying court order the subject of this appeal.

after Appellant's conviction, pursuant to section 501.014(e) of the Texas Government Code, the trial court entered a withdrawal notification directing the Texas Department of Criminal Justice Institutional Division to withhold $196.50.[2]  While the 1998 judgment of conviction did provide that "the State of Texas do have and recover of the said [Appellant] all costs in this proceeding incurred, for which let execution issue," the summary portion of the judgment left blank the dollar amount of those costs.

Appellant has filed a *pro se* brief raising the following issues:  (1) whether the trial court violated his due process rights in ordering court costs twelve years after the fact without meeting the requirements of article 26.05(g) of the Texas Code of Criminal Procedure requiring that he be "able to pay" the fees assessed; (2) whether the trial court denied his due process by issuing the *Order to Withdraw Funds* where the evidence was insufficient to support the order and where there was no factual basis to issue the order; and (3) whether the court's order erroneously deprived him of due process where the withdrawal notification varies from the amount in the underlying judgment.  For purposes of logical sequence, we will address Appellant's second issue last.  Based upon Appellant's challenges, we modify the trial court's order and, as modified, affirm.

## Procedural Background

On December 6, 2010, Appellant filed his *Opposition to Order to Withdraw Funds* in which he alleged the trial court failed to comply with article 26.05(g) of the Texas

---

[2]We note that the associated *Bill of Costs*, dated October 12, 2010, reflects nine different "costs" totaling $196.50.

Code of Criminal Procedure and *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). Appellant argued that without evidence demonstrating his ability to pay the assessed fees, the order violated his due process rights. Also on December 6, 2010, Appellant filed a *pro se* notice of appeal challenging the withdrawal notification, and on December 13, 2010, filed an amended notice of appeal. By his notice of appeal, Appellant asserted that the *Order to Withdraw Inmate Funds* was an appealable order. In its reply brief, the State raised the issue of whether a final, appealable order existed for review by this Court.

Notwithstanding Appellant's assertions that the withdrawal notification was an appealable order, we agreed with the State and by order dated January 31, 2011, determined that Appellant's notice of appeal and amended notice were premature because the trial court had yet to rule on any of his challenges. This appeal was abated and the cause was remanded to the trial court for the purpose of obtaining an appealable order. *See Owen v. State*, No. 07-10-00499-CV, 2011 Tex. App. LEXIS 704, at *3 (Tex.App.--Amarillo Jan. 31, 2011, no pet.) (mem. op.).

Following abatement of this appeal, on February 14, 2011, Appellant filed his *Motion to Rescind Withdrawal Notification.* Two days later, the trial court entered an *Order Denying Defendant's Objection to Randall County Judicial Enforcement Department's Order to Withdraw Funds and Opposition to Order to Withdraw Funds.*[3] We conclude this ruling resulted in a final, appealable order. *See Williams v. State*, 332

---

[3]By his supplemental brief, Appellant asserts the trial court's failure to specifically rule on his *Motion to Rescind Withdrawal Notification* entitles him to relief. We disagree. The essence of the trial court's order was to deny all of Appellant's challenges to the withdrawal notification. Although the caption does not mention the motion to rescind, the body of the order addresses all of Appellant's complaints. Abating this proceeding a second time to obtain another ruling would result in a waste of judicial resources.

S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied) (citing *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.)); *Jewell v. State*, No. 06-10-00114-CV, 2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet.) (mem. op.).

## Standard of Review

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *Williams*, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

## Analysis

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at 320. In determining whether Harrell was accorded constitutional due process, the Court

4

concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[4] he received all that due process required. *Id.* at 321. The Court also added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct or rescind the withdrawal notification. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.). By initiating that process, Appellant invoked the jurisdiction of the trial court to resolve that dispute.

By his first issue, Appellant contends the trial court did not meet the ability-to-pay requirements of article 26.05(g) of the Texas Code of Criminal Procedure in assessing costs against him. We disagree. Relying on *Perez v. State*, 280 S.W.3d 886 (Tex.App.--Amarillo 2009, no pet.), and *In re Braswell*, 310 S.W.3d 165 (Tex.App.--Amarillo 2010, orig. proceeding), Appellant argues there must be some evidentiary basis to support a trial court's decision to levy fees on a defendant. Those cases are inapposite. They involved an analysis of article 26.05(g) of the Texas Code of Criminal Procedure

---

[4]The trial court denied Harrell's *Motion to Rescind. See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2009).

5

requiring evidence of a defendant's ability to pay "the costs of legal services." Article 26.05(g) only applies to court-appointed attorney's fees, not to fines and legislatively mandated fees. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). In this case, no assessment has been made against Appellant for court-appointed attorney's fees. Thus, his complaint is without merit. Issue one is overruled.

By his third issue, Appellant questions whether the withdrawal notification erroneously deprived him of due process where the withdrawal notification varies from the amount contained in the underlying judgment. By his supplemental brief, he specifically contends costs should have been included in the judgment and by leaving the costs portion of the judgment blank, there is no basis to support the withdrawal order. We disagree.

Legislatively mandated fees and costs[5] may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant. *See Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex.Crim.App.

---

[5]*See, e.g.,* Tex. Alco. Bev. Code Ann. § 106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010); Tex. Bus. Orgs. Code Ann. § 10.365 (West Supp. 2010); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West 2006 & Supp. 2010); Tex. Educ. Code Ann. §37.011 (West Supp. 2010); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 & Supp. 2010); Tex. Gov't Code Ann. §§ 25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702 - 51,703, 54.313, 54.403,54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033, 411.081 (West 2005 & Supp. 2010); Tex. Health & Safety Code Ann. §§ 161.255, 469.004, 821.023 (West 2010); Tex. Hum. Res. Code Ann. § 152.0522 (West 2001); Tex. Local Gov't Code Ann. §§ 118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp. 2010); Tex. Parks and Wild. Code Ann. §§ 12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026, 521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007 & Supp. 2010) (not intended as an exhaustive list).

2011) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009)). Therefore, such fees are properly collectable by means of a withdrawal notification regardless of a defendant's ability to pay and regardless of whether or not they are specifically set forth in the underlying judgment. *See Williams*, 332 S.W.3d at 700. Appellant's third issue is overruled.

Finally, by his second issue, Appellant asserts the trial court denied him due process by issuing the withdrawal notification because there was no factual basis to issue the order. In this regard, Appellant specifically challenges the basis for assessment of six of the nine fees listed in the *Bill of Costs*:

- Fee Code 14 "Criminal Justice Planning Fund" $20;

- Fee Code 15 "Comp to Victims of Crime" $45;

- Fee Code 16 "Law Enf. Officer Training Fund - D" $3.50;

- Fee Code 17 "Jud/CT Personnel Training - D" $1;

- Fee Code 19 "Crime Stoppers Assistance - D" $2; and

- Fee Code 34 "Arrest Fee RCSO - Felony - D $70.

Appellant asserts these fees are inapplicable, not authorized by law or barred by article 103.002.[6] By his supplemental brief, Appellant also urges a conflict between

---

[6]Article 103.002 provides, "[a]n officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law." Tex. Code Crim. Proc. Ann. art. 103.002 (West 2006).

7

section 102.001 of the Texas Government Code[7] and articles in the Texas Code of Criminal Procedure.[8]

A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Tex. Code Crim. Proc. Ann. art. 103.009(a) and (c) (West 2006). A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost . . . . *Id.* at 103.001. In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment. *See* Tex. Code Crim. Proc. Ann. arts. 103.001 and 103.003 (West 2006). *See also Armstrong*, 340 S.W.3d at 765; *Williams*, 332 S.W.3d at 699. However, it should be noted that "an *effective* bill of costs is not the functional equivalent of a *correct* bill of costs." *Armstrong*, 340 S.W.3d at 767 n.15 (quoting *Armstrong v. State*, 320 S.W.3d 479, 484 (Tex.App.--Amarillo 2010) (Pirtle, J. concurring).

As we have previously noted, "[t]he overall framework for the assessment of costs by a trial court in a criminal proceeding is both convoluted and confusing. *Part of this confusion is created by the fact that customarily bills of costs prepared by court clerks do not reflect the authority by which those costs are assessed.* Adding to the confusion is the plethora of overlapping legislatively enacted provisions dealing with

---

[7]Section 102.001 provides, "[t]o the extent of any conflict between the provisions of this chapter and another state statute, the other statute prevails." Tex. Gov't Code Ann. § 102.001 (West 2005).

[8]Appellant references articles 42.01(1)(24) and (25) and 42.16.

costs to be paid by criminal defendants."  *See Sikalasinh v. State*, 321 S.W.3d 792, 797 n.11 (Tex.App.--Amarillo 2009, no pet.) (emphasis added).

Here, the clerk's record contains two arrest warrants for Appellant: one dated August 1997 and the second dated March 1998. Appellant argues the trial court erroneously "presumed" a $35 fee per arrest in assessing the $70 fee, which he contends "violates supreme court law."  In its brief, the State explains that, at the time the arrest warrants were served, the fee was $35.  *See* Act of May 28, 1993, 73rd Leg., R.S., ch. 988, § 2.04, 1993 Tex. Gen. Laws 4274, 4294.[9]  Therefore, both the clerk's record and the law support assessment of the legislatively mandated costs of $70 for the two arrest warrants.  Appellant is responsible for that fee regardless of ability to pay. *See Williams*, 332 S.W.3d at 700.

As regards the remaining contested fees, the State did not refer us to any statute authorizing assessment of those fees.  Despite our best efforts to understand the statutory basis for the remaining fees, we have been unable to make any sense of the Clerk's *Bill of Costs*.[10]  Therefore, as to the remaining contested fees, excepting the $70 fee discussed hereinabove, Appellant's second issue is sustained.

---

[9]The fee was raised to $50 in 1999.  *See* Act of April 23, 1999, 76th Leg., R.S., ch. 45, § 1, 1999 Tex. Gen. Laws 88, 89.

[10]For example, the *Bill of Costs* lists "Fee Code 15 Comp to Victims of Crime $45," whereas section 102.021(16) of the Texas Government Code authorizes a fee of only $12.   Tex. Gov't Code Ann. § 102.021(16) (West Supp. 2010).  *See also Court Costs and Fees Handbook for County Clerks & District Clerks* (2005), *available at* http://www.courts.state.tx.us/pubs/CostFeeHandbook/2005_CoDist_complete .pdf. (indicating that fees for (1) crime stoppers assistance, (2) law officers education, (3) criminal justice planning, (4) compensation to victims of crime, and (5) judicial and court personnel training are not to be individually assessed but are, instead, part of the $133 consolidated fee to be assessed upon conviction of a felony); Tex. Local Gov't Code Ann. 133.102 (West 2008).

**Conclusion**

The trial court's *Order Denying Defendant's Objection to Randall County Judicial Enforcement Department's Order to Withdraw Funds and Opposition to Order to Withdraw Funds Bill of Costs* is modified to provide for the deletion of the following fees: (1) Fee Code 14 "Criminal Justice Planning Fund" $20; (2) Fee Code 15 "Comp to Victims of Crime" $45; (3) Fee Code 16 "Law Enf. Officer Training Fund - D" $3.50; (4) Fee Code 17 "Jud/CT Personnel Training - D" $1; and (5) Fee Code 19 "Crime Stoppers Assistance - D" $2.   As modified, the trial court's order is affirmed. Furthermore, the trial court clerk is accordingly ordered to prepare and file a corrected *Bill of Costs* and withdrawal notification.


Patrick A. Pirtle
Justice