NO. 07-12-0131-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2013

_____

WESLEY WREN MASSEY,

Appellant

v.

IRENE GONZALES MASSEY,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B36869-0910; HON. EDWARD LEE SELF, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Wesley Wren Massey appeals from an order of the trial court denying his motion to modify or rescind an order to withdraw funds from his inmate trust account.[1] On March 16, 2012, the trial court ordered that $231 in court costs[2] incurred in his divorce action be paid out of his inmate trust account. The lawsuit was dismissed

---

[1]The accounts are no longer referred to as trust accounts under the statute.

[2]The trial court's order denying appellant's motion to modify or rescind the order to withdraw funds states that this amount represents "court costs." Furthermore, appellant was acting *pro se* in the lawsuit so there was no court-appointed attorney.

for want of prosecution. On appeal, appellant argues that 1) the trial court had no authority to order the withdrawal of funds when there was no active cause number, and 2) the trial court erred in ordering the withdrawal of funds in excess of the percentage amount allowed under § 501.014(e) of the Government Code. We affirm the order.

We review the trial court's decision to grant or deny a challenge to a withdrawal notification for an abuse of discretion. *Owen v. State,* 352 S.W.3d 542, 545 (Tex. App. –Amarillo 2011, no pet.). In appellant's motion to modify or rescind the order to withdraw funds, he asserted no legal basis for modification or rescission. To preserve error on appeal, the complaint must state the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). The failure to do so waives error.

Appellant did request in his motion that the trial court consolidate the order with its withdrawal orders in two criminal cases. As he explains on appeal, he wants only one deduction of 10% for all three cases out of his account for each deposit made. Section 501.014(e) does not place a limitation on the percentage of withdrawals that can be made. Nor has appellant cited us to legal authority creating such a limitation.

Accordingly, we overrule appellant's issues and affirm the trial court's withdrawal order.


Brian Quinn
Chief Justice


2