

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00162-CR

HYLAS DEANGELO POLK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd District Court
Dallas County, Texas
Trial Court No. F-12-70740-P

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, (1) Hylas Deangelo Polk pled guilty to and was convicted of the offense of aggravated assault with a deadly weapon, habitual offender, (2) Polk pled true to the State's enhancement allegation, and (3) the trial court sentenced Polk to fifteen years' imprisonment. Additionally, the trial court ordered Polk to pay $244.00 in court costs. On appeal,[1] Polk argues that the evidence is insufficient to support the award of court costs in the absence of a bill of costs, that the trial court's judgment incorrectly states the degree of offense, incorrectly omits his plea of true to the State's enhancement allegation, and incorrectly omits the trial court's finding on the State's enhancement allegation.[2]

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We decide this case pursuant to the precedent of the Fifth Court of Appeals. *See* TEX. R. APP. P. 41.3.

[2]Polk also appeals from convictions of another aggravated assault with a deadly weapon, criminal mischief, and unlawful possession of a firearm by a felon in our cause numbers 06-13-00159-CR, 06-13-00160-CR, and 06-13-00161-CR.

incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a certified bill of costs, the record is insufficient to support the order of court costs.

The clerk's record in this case did not originally include a bill of costs. Pursuant to the precedent of the Dallas Court of Appeals, we ordered the Dallas County District Clerk to prepare and file an itemized bill of costs. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). In response, we received an unsigned, unsworn computer printout supporting the amount of costs along with a "Bill of Costs" certification signed by the Dallas County District Clerk which averred that the printout constitutes "costs that have accrued to date." The Dallas Court of Appeals has held that this type of filing constitutes a bill of costs. *Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398, at *1 (Tex. App.—Dallas Jan. 31, 2014, no pet. h.) (mem. op., not designated for publication) (citing *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at **4–5 (Tex. App.—Dallas July 29, 2013, pet. ref'd)).

Because the supplemental record contains a bill of costs supporting the amount assessed, Polk's issue is moot. *Franklin*, 402 S.W.3d at 895. We overrule Polk's first point of error.

Next, Polk argues that the trial court's judgment incorrectly reflects that the degree of offense is a first degree felony and omits his plea of true, and the trial court's finding of true, to the State's enhancement allegation. Polk is correct. We find that aggravated assault with a deadly weapon as alleged in the indictment was a second degree offense, not a first degree offense as stated in the judgment, and that Polk pled true to the State's enhancement allegation. TEX. PENAL CODE ANN. § 22.02(b) (West 2011).

3

This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The State concedes the errors in the judgment and agrees that modification is required in the manners specified by Polk. Because our independent review of the record confirms the same, we sustain Polk's second point of error. *See* TEX. PENAL CODE ANN. § 22.02(b).

Having sustained Polk's second point of error, we modify the trial court's judgment to reflect that Polk's conviction was for a felony of the second degree, and to reflect that Polk pled, and the trial court found, that the State's enhancement allegation was true.

We affirm the judgment as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:     January 28, 2014
Date Decided:       February 27, 2014

Do Not Publish

4