

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00159-CR

_____

HYLAS DEANGELO POLK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd District Court
Dallas County, Texas
Trial Court No. F-12-70903-P

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Pursuant to a plea agreement, (1) Hylas Deangelo Polk pled guilty to and was convicted of the offense of aggravated assault with a deadly weapon, habitual offender, (2) Polk pled true to the State's enhancement allegation, and (3) the trial court sentenced Polk to fifteen years' imprisonment. Additionally, the trial court ordered Polk to pay $244.00 in court costs. Raising a single point of error on appeal,[1] Polk argues that the evidence is insufficient to support the award of court costs in the absence of a bill of costs.[2] The Dallas County District Clerk has stated that this case "does not have costs for a cost bill." Accordingly, we modify the trial court's judgment to delete the award of court costs, and affirm the judgment as modified.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We decide this case pursuant to the precedent of the Fifth Court of Appeals. *See* TEX. R. APP. P. 41.3.

[2]Polk also appeals from convictions for criminal mischief, unlawful possession of a firearm, and another aggravated assault with a deadly weapon in our cause numbers 06-13-00160-CR, 06-13-00161-CR, and 06-13-00162-CR.

certified bill of costs, the record is insufficient to support the order of court costs. The clerk's record in this case did not include a bill of costs.

Pursuant to the precedent of the Dallas Court of Appeals, we ordered the Dallas County District Clerk to prepare and file an itemized bill of costs. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). Our order, dated January 22, 2014, mandated the filing of a supplemental record "within ten days of the date of this order." The Dallas County District Clerk's late-filed response dated February 5, 2013, states that this case "does not have costs for a cost bill." Thus, no bill of costs has been included in this appellate record.

In the absence of a bill of costs, the record does not support the order of court costs. *Johnson v. State*, 389 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2012, pet. granted); *see Tafolla v. State*, No. 06-12-00122-CR, 2012 WL 6632767, at *1 (Tex. App.—Texarkana Dec. 20, 2012, pet. dism'd) (mem. op., not designated for publication). We modify the trial court's judgment to delete the order of $244.00 as court costs.

We affirm the judgment as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted: January 28, 2014
Date Decided: February 27, 2014

Do Not Publish

3