**Opinion issued April 15, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-12-00715-CR & 01-12-00716-CR

————————————

## JOSE ISABEL GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 337th District Court
Harris County, Texas
Trial Court Case Nos. 1318997 & 1325967

## MEMORANDUM OPINION

Appellant Jose Isabel Garcia pleaded guilty without an agreed recommendation as to punishment to the felony offenses of aggravated assault of a family member (trial court case no. 1318997, court of appeals case no. 01-12-

00715-CR) and aggravated sexual assault (trial court case no. 1325967, court of appeals case no. 01-12-00716-CR). *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02, 22.021 (West 2011 & Supp. 2013). After a presentence investigation and sentencing hearing, the trial court sentenced Garcia to 18 years in prison for each offense, to be served concurrently, and the trial court ordered Garcia to pay court costs on the two cases in the amounts of $280.00 and $534.00, respectively.

In a single appellate issue, Garcia argued that the evidence was insufficient to support the court costs assessed by the trial court and that the assessment of costs in this case violated the Due Process Clause of the United States Constitution. We affirm.

## Analysis

Garcia argues that the duty to pay costs assessed by the court is contingent upon the preparation of a bill of costs enumerating each item combined to arrive at the final cost. This argument was recently considered and rejected by the Court of Criminal Appeals. "[A] specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record." *Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *7 (Tex. Crim. App. Feb. 26, 2014); *see Cardenas v. State*, No. PD-0733-13, 2014 WL 714734, at *2 (Tex. Crim. App. Feb. 26, 2014) ("Convicted defendants have constructive notice of mandatory

2

court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure.").

Garcia argues that the evidence is insufficient to support the judgments against him imposing court costs of $284.00 on the aggravated assault conviction and $534.00 on the aggravated sexual assault conviction. Garcia urges us to apply traditional evidentiary-sufficiency principles as found in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). *See* Appellant's Br. 2. The Court of Criminal Appeals has rejected that proposition and directed appellate courts to "review the assessment of costs to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson*, 2014 WL 714736, at *2. In this case the clerk's record generated in the trial court demonstrates that court costs of $284.00 and $534.00 are justified in light of the statutes and rules describing the costs associated with criminal convictions.

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees. These fees vary depending on the type of offense and procedural history of the case. *See, e.g.*, *Owen v. State*, 352 S.W.3d 542, 546 n.5 (Tex. App.—Amarillo 2011, no pet.) (providing an extensive list of Texas statutes requiring convicted persons to pay costs and fees). The record demonstrates that

Garcia was convicted of two felonies in district court, supporting the costs associated with each of the following:

(1) Executing or processing an issued arrest warrant, capias, or capias pro fine, as authorized by Texas Code of Criminal Procedure article 102.011(a)(2) of $50.00;[1]

(2) Summoning a witness, as authorized by Texas Code of Criminal Procedure article 102.011(a)(2)(B)(3) at $5.00 per witness;[2]

(3) A commitment fee under Texas Code of Criminal Procedure article 102.011(a)(2)(B)(6) of $5.00;[3]

(4) A release fee under Texas Code of Criminal Procedure article 102.011(a)(2)(B)(6) of $5.00 for each release on each case including to the Texas Department of Criminal Justice;[4]

---

[1] TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2013) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine."). Notably, article 102.011(e) provides that a "fee under Subsection (a)(1) or (a)(2) of [102.011] shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each arrest made of a defendant arising out of the offense for which the defendant has been convicted." *Id.* art. 102.011(e). Thus, Garcia incurs each fee under article 102.011(a)(1) and (a)(2) twice: once for each of his two convictions, despite their correspondence to an event that occurred once.

[2] *Id.* art. 102.011(a)(3) ("$5 for summoning a witness").

[3] *Id.* 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release.").

[4] *Id.*

4

(5) A fee to the clerk's office as authorized by Texas Code of Criminal Procedure article 102.005(a) of $40.00;[5]

(6) A security fee as authorized by Texas Code of Criminal Procedure article 102.017(a) of $5.00;[6]

(7) A consolidated court cost for conviction of a felony as authorized by the local Texas Government Code section 133.102 in the amount of $133.00;[7]

(8) A jury reimbursement fee pursuant to Texas Code of Criminal Procedure article 102.0045 of $4.00;[8]

(9) A district court records preservation fee as authorized by Texas Code of Criminal Procedure article 102.005(f) of $25.00;[9]

---

[5] *Id.* art. 102.005(a) (West 2006) ("A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40.").

[6] *Id.* 102.017(a) (West Supp. 2013) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.").

[7] TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2013) ("A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony."); *see also* note 1, *supra*.

[8] TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[9] *Id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.").

(10) A support of indigent defense fee as authorized by the local Texas Government Code section 133.107(a) of $2.00;[10]

(11) The support for the judiciary cost pursuant to the local Texas Government Code section 133.105(a) of $6.00;[11] and

(12) The court technology fund cost as authorized by Texas Code of Criminal Procedure article 102.0169(a) of $4.00.[12]

These fees total $284.00:

---

[10] TEX. LOC. GOV'T. CODE ANN. § 133.107(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.").

[11] *Id.* § 133.105(a) (West 2008) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

[12] TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2013) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 county and district court technology fee as a cost of court.").

```
$  50.00 (arrest fee)
$   5.00 (summoning witness fee)
$   5.00 (commitment fee)
$   5.00 (release fee)
$  40.00 (clerk's office fee)
$   5.00 (security fee)
$ 133.00 (consolidated court cost for conviction of a felony)
$   4.00 (jury reimbursement fee)
$  25.00 (district court records preservation fee)
$   2.00 (support of indigent defense fee)
$   6.00 (support for the judiciary fee)
$   4.00 (court technology fund)
```
$ 284.00

The judgment in cause number 1318997 for the aggravated assault lists $284.00 in costs. Similarly, in the judgment for cause number 1325967, the aggravated sexual assault charge, the same fees and costs were supported as for the aggravated assault charge, plus a $250.00 DNA preservation fee required upon conviction for aggravated sexual assault,[13] totaling $534.00. Accordingly, the clerk's record supports the assessment of each cost, and the record and statutes provide sufficient evidence to support the amounts listed in the judgments. We hold that the evidence was sufficient to support the court costs assessed by the trial court and that the assessment of such costs in this case did not violate the Due Process Clause of the United States Constitution. *See Johnson*, 2014 WL 714736, at *2, 7.

---

[13]     *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(1) ("$250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code," including aggravated sexual assault).

**Conclusion**

We affirm the judgments of the trial court.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Justice Sharp, concurring without opinion.

Do not publish. TEX. R. APP. P. 47.2(b).