

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00153-CR
_____

GABRIEL LOUIS MENDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd District Court
Dallas County, Texas
Trial Court No. F12-55612-T

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Gabriel Louis Mendoza was convicted of aggravated robbery with a deadly weapon, was sentenced to twenty years' imprisonment, and was ordered to pay $244.00 in court costs. On appeal,[1] Mendoza argues (1) that the evidence is insufficient to support the award of court costs in the absence of a bill of costs and (2) that the trial court's judgment incorrectly reflects that he pled guilty to the offense.[2] A supplemental clerk's record supports the amount of court costs Mendoza was ordered to pay, rendering his first point of error moot. However, we must modify the trial court's judgment because it incorrectly reflects that Mendoza pled guilty to the offense. We affirm the trial court's judgment, as modified.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]Mendoza also appeals his conviction on another charge of aggravated robbery with a deadly weapon in our cause number 06-13-00154-CR.

incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a certified bill of costs, the record is insufficient to support an assessment of court costs.

The clerk's record in this case did not originally include a bill of costs. Following the precedent of the Dallas Court of Appeals, we ordered the Dallas County District Clerk to prepare and file an itemized bill of costs. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). In response, we received an unsigned, unsworn computer printout supporting the amount of costs along with a "Bill of Costs" certification signed by the Dallas County District Clerk averring that the printout constitutes "costs that have accrued to date." The Dallas Court of Appeals has held that this type of filing constitutes a bill of costs. *Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398, at *1 n.1 (Tex. App.—Dallas Jan. 31, 2014, no pet. h.) (mem. op., not designated for publication) (citing *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd)). Because the supplemental record contains a bill of costs supporting the amount assessed, Mendoza's court cost issue is moot. *See Franklin*, 402 S.W.3d at 895. We overrule Mendoza's first point of error.

Next, Mendoza argues that the trial court's judgment incorrectly states that he pled guilty to the offense. This Court has the power to correct and modify the judgment of the trial court for accuracy when the data and information necessary to do so are part of the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The State concedes the error in the judgment and agrees that modification of the plea is required. Our independent review of the record confirms the same. We sustain Mendoza's second point of error.

Having sustained Mendoza's second point of error, we modify the trial court's judgment to reflect that he pled not guilty to the offense of aggravated robbery with a deadly weapon.

We affirm the judgment, as modified.

Bailey C. Moseley
Justice

Date Submitted:     March 3, 2014
Date Decided:       April 23, 2014

Do Not Publish