COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IVORY LEE HUGHES, | § | No. 08-12-00225-CR |
| Appellant, | § | Appeal from |
| v. | § | Criminal District Court No. 1 |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| Appellee. | § | (TC # F-1161294-H) |
| | § | |

## O P I N I O N

Ivory Lee Hughes appeals his conviction of aggravated assault with a deadly weapon. A jury found Appellant guilty and made a special finding that the appeal was a family violence offense. The trial court assessed Appellant's punishment at imprisonment for twenty years and a fine of $10,000.[1] For the reasons that follow, we affirm.

### FACTUAL SUMMARY

On September 18, 2011, the complainant, Erica High, and her sister, Latosha Fry, were at High's apartment watching television with their children. Erica had been in a romantic relationship with Appellant, who was the father of her children. Because she had decided to end the relationship, she and Fry packed Appellant's belongings into bags and placed them in the

---

[1] The Texas Supreme Court transferred this case from the Fifth Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order. We will decide the case in accordance with the precedent of the Fifth Court of Appeals. *See* TEX.R.APP.P. 41.3.

living room. When Appellant came to the apartment, High let him inside to collect his possessions. Appellant initially walked into the bedroom and closet, but High told him that she had already packed his belongings. At Appellant's request, High and Fry helped him carry the bags to the car. At first, Appellant seemed calm but he became increasingly hostile and angry. When they returned to the apartment, he began yelling at High and walking towards her. Based on Appellant's facial expression and demeanor, High believed something was about to happen. She pulled out her phone to call the police. Appellant suddenly pulled a gun out of his waistband, held it against High's head, and threatened to kill her if she called the police. High realized Appellant had retrieved the gun out of their bedroom when he walked in there earlier and she knew the gun was loaded. Fearing for her life, High gave the phone to Fry and Appellant took it from her. The jury found Appellant guilty of aggravated assault with a deadly weapon as charged in the indictment.

## EXTRANEOUS OFFENSE

In Point of Error One, Appellant contends that the trial court abused its discretion by overruling his objection to extraneous offense testimony which violated a motion *in limine*. The State responds that Appellant failed to preserve the issue by making a timely and specific objection. We agree.

### *Preservation of Error*

To preserve error, a party must make a timely and specific objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). Additionally, the arguments on appeal must comport with the objections made at trial. *See Reyna v. State*, 168

S.W.3d 173, 177 (Tex.Crim.App. 2005); *Wilson*, 71 S.W.3d at 349. A ruling on a motion *in limine* does not preserve error. *Roberts v. State*, 220 S.W.3d 521, 533 (Tex.Crim.App. 2007). To preserve error related to the admission of evidence, the complaining party must object and secure an adverse ruling in a hearing held outside of the jury's presence or when the evidence is offered at trial. *See* TEX.R.APP.P. 33.1; TEX.R.EVID. 103(a)(1).

The clerk's record does not contain a pre-trial motion from Appellant related to extraneous offenses, but the State gave written notice of its intent to introduce several extraneous offenses during the State's case-in-chief or during punishment. After trial began and immediately before the State called its first witness, Latosha Fry, Appellant made an oral motion *in limine* regarding whether Appellant is on felony probation, whether he is permitted to have a firearm while on probation, whether he is employed, whether he was selling drugs, and the source of his money. The trial court granted the motion and the prosecutor assured the court she would not go into these areas without first approaching the bench. Fry testified that when High pulled out her phone, she believed High was going to call the police. She explained that High was afraid of Appellant because they had fought on other occasions. The following exchange subsequently occurred between the prosecutor and Fry when she was describing the scene while Appellant held the gun to High's head:

> [Prosecutor]: Okay. And how do you know she was going to try to call the police?
>
> [Witness]: Because she was scared, and I figured -- she had called the police on him before.
>
> [Defense counsel]: Your Honor, object on -- on Motion in Limine and pretrial objections.

[The Court]:  Overruled.

After Fry's testimony had concluded and High had entered the courtroom, Appellant asked that a motion *in limine* be granted with respect to previous assaults, threats, and calls to the police.  In making this request, Appellant noted that the first witness testified that High had called the police about Appellant in the past.

The motion *in limine* did not preserve error related to any of Fry's testimony.  Appellant failed to object when Fry first testified that High had called the police about Appellant on prior occasions.  When Fry repeated that statement later during her testimony, Appellant made only a general objection which referred to his motion *in limine* and pretrial objections.  We have not found any pretrial objections in the appellate record related to extraneous offenses or Fry's testimony.  Even assuming for the sake of argument that the motion *in limine* could preserve error, Appellant did not move to *in limine* extraneous offenses or bad acts.  Accordingly, we conclude that Appellant failed to preserve this issue for our review.  Point of Error One is overruled.

**BILL OF COSTS**

In Point of Error Two, Appellant complains that there is insufficient evidence to support the trial court's judgment requiring him to pay court costs in the amount of $264.  Each clerk of a court is required to keep a fee record.  TEX.CODE CRIM.PROC.ANN. art. 103.009(a)(West 2006); *see Owen v. State*, 352 S.W.3d 542, 547 (Tex.App.--Amarillo 2011, no pet.).  A statement of an item of cost in a fee record is *prima facie* evidence of the correctness of the statement.  TEX.CODE CRIM.PROC.ANN. art. 103.009(c).  A cost is not payable by the person charged with

the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost. TEX.CODE CRIM.PROC.ANN. art. 103.001.

The original clerk's record does not include a bill of costs. In this situation, the Fifth Court of Appeals typically orders the trial court clerk to prepare and file an itemized bill of costs. *See e.g., Franklin v. State*, 402 S.W.3d 894, 895 (Tex.App.--Dallas 2013, no pet.). We have determined it is appropriate to apply the precedent of the Fifth Court of Appeals in accordance with transfer protocol. *See* TEX.R.APP.P. 41.3. Consequently, we issued an order requiring the Dallas County District Clerk to file a supplemental record containing an itemized bill of costs. The supplemental clerk's record has been filed and the bill of costs contained therein supports the assessment of costs in the judgment. We overrule Point of Error Two and affirm the judgment of the trial court.

December 17, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

(Do Not Publish)

- 5 -