

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00016-CR

SHERILYN ROSE ANGULO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1547-18

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

After having pled guilty to the offense of burglary of a building,[1] Sherilyn Rose Angulo was sentenced to two years' incarceration, suspended in favor of five years' community supervision. In this appeal of the judgment revoking community supervision and sentencing her to the originally imposed term of two years' incarceration, Angulo brings a single point of error, claiming that the trial court erred in imposing costs of court in an amount not supported by a proper bill of costs.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 103.001). That said, once a certified bill of costs is issued, the bill "imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Id.*; *see Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011).

Specifically, Angulo claims that, although the trial court ordered her to pay $174.00 in its judgment, a certified bill of costs was not made a part of the record. After Angulo filed her brief,

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(c)(1).

2

the Smith County[2] District Clerk filed a supplemental record which included a certified bill of costs listing total court costs of $174.00, as reflected in the trial court's judgment. In view of this filing, the State advised this Court that it declined to file a brief.

Because the trial court's judgment is supported by a proper bill of costs, Angulo's sole point of error is now moot. Consequently, this case does not present a live controversy. When an appeal does not present a live controversy, the appeal is properly dismissed as moot. *See Fouke v. State*, 529 S.W.2d 772, 773 (Tex. Crim. App. 1975) (dismissing appeal as moot because defendant voluntarily paid fine and costs complained of in appeal); *Laney v. State*, 223 S.W.3d 656, 659 (Tex. App.—Tyler 2007, no pet.) (stating generally that appeals presenting no actual controversy are dismissed as moot).

We dismiss this appeal as moot.


                                                    Scott E. Stevens
                                                    Justice


Date Submitted:      April 15, 2020
Date Decided:        April 16, 2020


Do Not Publish

---

[2]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.