**AFFIRMED and Opinion Filed May 29, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00389-CR**
_____

**LATOYA NICHOLE WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1921105-S**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Reichek

Latoya Nichole Williams appeals her conviction for aggravated assault with a deadly weapon. Appellant contends the trial court erred in allowing the jury to consider improper evidence and reach a non-unanimous verdict. Appellant additionally contends the trial court erred in denying her motion for a directed verdict because the evidence was insufficient to conclusively identify her as the assailant. In a single cross issue, the State contends the trial court's judgment should be modified to accurately reflect the assessment of court costs. We disagree the

judgment should be modified in the manner requested by the State, and we affirm the trial court's judgment.

## Background

In April 2019, the complainant, Tiffany Marsalis, discovered that she and appellant were both in a relationship with the same man, Demetrius Hall. Marsalis testified she had no negative feelings towards appellant because she felt that Hall was "playing both of [them]." According to Marsalis, Hall told her he was going to end his relationship with appellant. Appellant messaged Marsalis on Facebook and threatened her, but Marsalis did not reply.

Late on the night of September 21, 2019, appellant rang Marsalis's doorbell and yelled for Hall to come outside. Marsalis's son, Jovan, answered the door. Marsalis and Hall followed, and Marsalis told her son to go back inside the house.

Once Marsalis and Hall were outside, appellant asked Hall to come home with her. Hall refused. Both Marsalis and Hall testified appellant reached into her pocket, pulled out a gun, and shot Marsalis in the eye. Jovan stated he heard a popping sound followed by Hall yelling for him to call 911. Marsalis was taken to the hospital where doctors determined the damage to her eye was extensive. Marsalis's eye was eventually removed and replaced with a prosthetic.

At trial, Marsalis's neighbor, Mary Maroquin, testified she had seen a light-colored Buick SUV matching the description of appellant's car drive in and out of the cul-de-sac where she and Marsalis lived multiple times in the weeks before the

shooting. Maroquin also provided the police with a video recording taken by her home security camera on the night of the offense. The video showed an individual exiting a Buick SUV and walking towards the door of Marsalis's house. Maroquin identified the SUV as the same car she had seen repeatedly driving in and out of the cul-de-sac. Figures can be seen in the recording moving in and out of the house before a light flashes in the darkness. Maroquin testified the flash resembled a muzzle flash from a firearm. The individual then walks back to the SUV and drives away.

After both sides rested, appellant moved for a directed verdict on the basis that the State had failed to prove her identity as the assailant beyond a reasonable doubt. The trial court denied the motion, and the jury found appellant guilty of aggravated assault with a deadly weapon.

During the punishment phase, the State introduced evidence of a prior incident involving appellant. Hall testified that, several months before the shooting, he drove to appellant's house in Marsalis's car to end his relationship with appellant. As Hall was leaving the house, appellant grabbed a crowbar out of her garage and smashed the windows of the car. Hall called the police but, when the officers attempted to speak with appellant, she refused to come out of the house.

In addition to Hall's testimony, Marsalis testified about the impact of the assault on her life. Appellant testified regarding her struggles with mental health

and her status as a disabled veteran. She continued to deny, however, that she shot Marsalis.

The jury sentenced appellant to twelve years in prison. Appellant brought this appeal.

**Analysis**

Although appellant lists several issues in her appeal, the arguments presented in support of each issue overlap and, in some instances, various sub-issues appear to be raised. In the interest of justice, we will address all issues we are able to discern.

**I. Unanimity of Verdict**

Appellant argues the jury charge erroneously allowed the jury to reach a non-unanimous verdict. Texas law requires a unanimous jury verdict as to the specific crime the defendant committed. TEX. CONST. art. V, § 13; *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). This means the jury must agree upon a single discrete incident that would constitute the commission of the alleged offense. *Id*. The record shows the jury did so in this case.

The jury was instructed that "the prosecution has the burden of proving the defendant guilty and must do so by proving each and every element of the offense charged beyond a reasonable doubt." The application paragraph in the jury charge instructed,

> . . . if you unanimously find from the evidence beyond a reasonable doubt that on or about the 21st day of September 2019, in Dallas County, Texas, [appellant] did unlawfully then and there intentionally,

knowingly, or recklessly cause bodily injury to [Marsalis] by shooting [Marsalis] with a firearm and [appellant] did use or exhibit a deadly weapon, namely, a firearm, during the commission of the assault,

OR

if you unanimously find from the evidence beyond a reasonable doubt that on or about the 21st day of September 2019, in Dallas County, Texas, [appellant] did unlawfully then and there intentionally, knowingly, or recklessly cause serious bodily injury to [Marsalis] by shooting the complainant with a firearm, a deadly weapon, then you will find the defendant guilty of Aggravated Assault with a Deadly Weapon as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit [appellant] and say by your verdict "not guilty."

To convict appellant, therefore, the jury had to either (1) unanimously find beyond a reasonable doubt that, on September 21, 2019, appellant engaged in conduct meeting all the elements of aggravated assault with a deadly weapon as defined by section 22.02(a)(2) of the Texas Penal Code, or (2) unanimously find beyond a reasonable doubt that, on September 21, 2019, appellant engaged in conduct meeting all the elements of aggravated assault with a deadly weapon as defined by section 22.02(a)(1) of the Texas Penal Code.[1] On the verdict form, the presiding juror signed the portion of the form indicating the jury unanimously found appellant was guilty of aggravated assault with a deadly weapon. We conclude the charge properly

---

[1] Appellant does not contend, and there was no evidence to show, that more than one shooting incident occurred on September 21, 2019.

required the jury to render a unanimous verdict regarding appellant's guilt. *See Cosio*, 353 S.W.3d at 771.

Appellant contends the jury charge allowed the jury to return a non-unanimous verdict on punishment because the court "failed to remove the limiting instructions regarding extraneous evidence from the charge during the punishment phase despite removing [them] from the charge during the guilt/innocence phase." The limiting instructions at issue stated,

> You are instructed that if certain testimony and evidence was admitted in evidence before you in this case regarding the Defendant having committed other acts other than the offense alleged against her in the Indictment in this case, you cannot consider said testimony and evidence for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such offense, if any were committed. If you do not so believe or have a reasonable doubt that the Defendant committed these acts, then you will not consider such testimony for any purpose.

These instructions were removed from the jury charge at the guilt phase at the request of the defense. Although defense counsel acknowledged that Hall briefly mentioned appellant smashing the windows of Marsalis's car in his testimony during the guilt phase, he felt the instructions would call the jury's attention to this evidence, and he asked that they be deleted. No objections were made to the instructions being included in the punishment charge.

Appellant argues that the "failure to provide consistent instructions opened the door for the jury to consider the extraneous evidence during the punishment phase" and "could have resulted in jurors relying on such extraneous evidence to

determine appellant's punishment, while others may not have." The jury, of course, was free to consider extraneous offense evidence during the punishment phase so long as the extraneous offense was proven beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). Limiting instructions on extraneous offense evidence are required in the punishment phase and must be included in the punishment charge regardless of whether they are requested. *Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007). Such instructions are not required during the guilt phase, however. *Id*. at 253. "[A] defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase only if he timely requests those instructions when the evidence is first introduced." *Id*. Here, not only did defense counsel not request limiting instructions during the guilt phase, he affirmatively requested they be removed. The trial court did not err, therefore, in removing the instructions from the charge during the guilt phase and including them during the punishment phase. *Id*.

## II. Hearsay

Appellant challenges certain evidence as constituting impermissible hearsay. She argues the trial court erroneously allowed body-camera footage of a police officer speaking with Jovan on the night of the offense to be shown to the jury. Appellant did not object to the admission of the body-camera footage at trial. Accordingly, she has failed to preserve her hearsay complaint for review. TEX. R. APP. P. 33.1.

## III. Evidence of Identity

Finally, appellant contends the trial court erred in denying her motion for a directed verdict because "no admitted evidence definitely identifies [her] as the culprit." We review a complaint regarding a trial court's failure to grant a motion for directed verdict as a challenge to the sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In determining the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). "Identity may be proven by direct evidence, circumstantial evidence, or by reasonable inferences from the evidence." *Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018).

In this case, Hall positively identified appellant as the person he saw shoot Marsalis. This evidence alone was sufficient to defeat appellant's motion for directed verdict. Hall's identification of appellant was supported by additional witness testimony including Marsalis, who stated she recognized appellant from social media, and Jovan, who identified appellant as the person who came to the house immediately before the shooting. We conclude the trial court did not err in denying appellant's motion for directed verdict. We resolve all appellant's issues against her.

## IV. Modification of Judgment

In a single cross-issue, the State contends the trial court's judgment must be modified to accurately reflect the amount of court costs owed by appellant. We disagree. The judgment in this case assesses costs against the defendant in the amount of $290. The record contains two bills of costs; a certified bill dated March 23, 2023 for $290 and a later uncertified bill dated April 27, 2023 for $305. The additional $15 in costs in the April 27 bill is due to the assessment of a time payment fee for failure to pay the charged court costs within thirty-one days after judgment was rendered.

Appellant filed this appeal on April 17, twenty-six days after judgment was rendered and ten days before the time payment fee was assessed. The pendency of the appeal stopped the clock for purposes of the time payment fee before thirty-one days had passed. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Accordingly, the additional $15 fee was assessed prematurely. *Id.* The trial court's judgment correctly reflects the costs owed as set out in the original certified bill. *See Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (it is certified bill that imposes obligation upon criminal defendant to pay court costs).

We resolve the State's cross-issue against it and affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230389F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LATOYA NICHOLE WILLIAMS,
Appellant

No. 05-23-00389-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1921105-S.
Opinion delivered by Justice
Reichek. Justices Carlyle and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 29, 2024