ACCEPTED
12-14-00159-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/7/2015 8:28:26 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00159-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/7/2015 8:28:26 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

BRANDON SIMMONS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-0139-10
FROM THE 114th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Brandon Simmons

APPELLANT'S TRIAL COUNSEL
   LaJuanda Lacy
   2419 Cecil
   Tyler, Texas 75702
   903-592-8335

   Brent Ratekin
   422 South Spring
   Tyler, Texas 75702
   903-595-1516

   Melvin Thompson
   2108 South Wall
   Tyler, Texas 75701
   903-596-7856

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   Whitney Boatright Tharpe
   Chris Gatewood
   Jacob Putman
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor

Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     ISSUE ONE: The trial court erred in imposing attorney fees following a finding that Mr. Simmons was indigent and was appointed counsel.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A. Law on Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . 9
     D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . 11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 12

TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009). . . . . . . . . . . . . 5

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2009). . . . . . . . . . . . 5

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2009). . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2009). . . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. § 102.021 (West 2009). . . . . . . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. § 103.006 (West 2009). . . . . . . . . . . . . . . . . 7

TEX. HEALTH & SAFETY CODE ANN. §481.115 (a) and (c) (West 2009). 2, 3

TEX. PENAL CODE ANN. § 12.42(a)(3) (West 2009). . . . . . . . . . . . . . . 2, 3


CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . . . 6, 7

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). . . . . . . . 8

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
    61 L. Ed. 2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). . . . . 7, 8

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler
    2013, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). . . . . . . 5, 8

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). . . . 8

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo
    2011, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . . 6

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo
    2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

<u>RULES</u>

Tex. R. App. Proc. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. R. App. Proc. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-14-00159-CR

| | | |
|---|---|---|
| BRANDON SIMMONS | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES
THEREOF:

Comes now Brandon Simmons, ("Appellant"), by and through his
attorney of record, James Huggler, and pursuant to the provisions of TEX.
R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant was indicted in Cause Number 114-0139-105 for the third
degree felony offense of possession of a controlled substance.  I CR 3[1]; see

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding
"CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct

1

TEX. HEALTH & SAFETY CODE ANN. §481.115(a) and (c) (West 2009). The punishment range was enhanced to that of a second degree felony with the inclusion of a prior felony conviction. I CR 3; TEX. PENAL CODE ANN. §12.42(a)(3) (West 2009). Mr. Simmons entered a plea of guilty pursuant to an agreement and received probation. I RR 13; II RR 5, 9-10[2].

The State filed a motion to revoke his probation, Mr. Simmons entered true pleas to the allegations. I CR 72-73, 83; VI RR 11. Following evidence and argument of counsel, the court sentenced Mr. Simmons to eight years confinement. I CR 84-85; VI RR 22. Notice of appeal was timely filed in on June 18, 2014. I CR 87. This Brief is timely filed on or before January 7, 2015 following proper extension granted by this Court.

page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

ISSUE PRESENTED

ISSUE ONE:  THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MR. SIMMONS WAS INDIGENT AND WAS APPOINTED COUNSEL.

STATEMENT OF THE FACTS

Appellant was indicted in Cause Number 114-0139-105 for the third degree felony offense of possession of a controlled substance, specifically methamphetamine in an amount between one and four grams.  I CR 3; see TEX. HEALTH & SAFETY CODE ANN. §481.115(a) and (c) (West 2009).  The punishment range was enhanced to that of a second degree felony with the inclusion of a prior felony conviction.  I CR 3; TEX. PENAL CODE ANN. §12.42(a)(3) (West 2009).  Mr. Simmons entered a plea of guilty pursuant to an agreement and received probation.  I RR 13; II RR 5, 9-10.

Mr. Simmons was placed in the Substance Abuse Felony Punishment Facility and successfully completed probation.  I CR 54-57, 59-61.  Conditions of his probation were modified allowing work and status hearings were held regarding an apparent invalid arrest and driving with a suspended license.

3

The State filed a motion to revoke his probation alleging a use of marijuana. I CR 72-73. Mr. Simmons entered true pleas to the allegations. I CR 72-73, 83; VI RR 11. Following evidence and argument of counsel, the court sentenced Mr. Simmons to eight years confinement. I CR 84-85; VI RR 22. Further discussion of relevant facts is included below.

## SUMMARY OF ARGUMENT

The error for this Court to consider involves the improper assessment of court costs. The trial court improperly ordered reimbursement of attorney fees after Mr. Simmons was found to be indigent and was appointed counsel. The attorney fees were included in the judgment placing him on probation, and were collected. Because there was never any allegation that Mr. Simmons failed to pay any required fees or costs, Smith County collected $300 from Mr. Simmons to which legally it was not entitled.

4

ARGUMENT

ISSUE TWO, RESTATED: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MR. SIMMONS WAS INDIGENT AND WAS APPOINTED COUNSEL.

A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2009). Once a defendant has been determined to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided. Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557

5

(Tex. Crim. App. 2013).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2009) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2009). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2009). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the

6

record, a defendant has no obligation to pay court costs. <u>Owen</u>, 352 S.W.3d at 547 (citing <u>Armstrong</u>, 340 S.W.3d at 765; <u>Williams v. State</u>, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied). In this case, the only bill of costs ever prepared to support any amount of court costs was prepared on June 19, 2014, more than four years after the attorney fee was assessed. I CR 98, 46-47.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2009).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." <u>Johnson v. State</u>, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is

sufficient evidence offered at trial to prove each cost. <u>Johnson</u>, 423 S.W.3d at 390.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. <u>Johnson v. State</u>, 405 S.W.3d at 355.

## C. Application to These Facts

Mr. Simmons has been represented at all times following the initial trial of the case by appointed counsel. The record contains three different orders appointing counsel. I CR 77, 80. Each pauper's oath application contains a finding that Mr. Simmons was indigent. I CR 78-79; II CR 16-17. Mr. Simmons was represented at various times in the course of this case by each of the three trial attorneys contracted to provide indigent defense in the 114th District Court. Finally, appellate counsel was appointed for this appeal. I CR 80. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 91-93. This motion was granted by the trial court without opposition from the State of Texas. I CR 94.

The June 2, 2010 judgment and order placing Mr. Simmons on probation included an assessment of $580.00 in court costs. I CR 46-47, 49, line 21. This amount exactly exceeds the bill of costs prepared more than four years later by $300.00. I CR 98. The final judgment signed July 16, 2014 reflects a zero balance for court costs, as doers the bill of costs. I CR 84 and 98.

Each item listed on the bill of costs appear to be properly assessed costs. I CR 98. The properly assessed costs equal $280.00 in court costs. However, Smith County collected $580. As this Court is aware from dozens of other cases, some district courts have routinely assessed a $300 fee for costs of an attorney appointed after a finding that a defendant is indigent.

There is no evidence to contest the finding that Mr. Simmons was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment does not include the attorney's fee, judgment placing him on community supervision does, and there was no allegation that Mr. Simmons ever failed to make required financial payments. Why the bill of costs does not contain the fee which was assessed four years previously is not known, but it is certainly reasonable to conclude that this particular trial court has learned from the number of cases modified on this issue not to assess the $300 fee for attorney costs.

D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court. The original judgment should be modified to reflect the true amount of court costs as assessed in the bill of costs and the $300 should be ordered to be returned to Mr. Simmons.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment of the trial court and order Smith County to reimburse Mr. Simmons the improperly assessed $300

.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

11

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 7th day of January, 2015.


 /s/ James Huggler
James W. Huggler, Jr.


Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702


## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,484 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler
James Huggler