# NO. 12-16-00308-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHATANEE HOWARD,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Shatanee Howard appeals from her conviction for possession of marijuana. After the trial court denied her motion to suppress, Appellant pleaded guilty to the possession of less than two ounces of marijuana.[1]  Appellant was placed on two years deferred adjudication.  As a condition of her plea, Appellant retained the right to appeal the trial court's denial of her motion to suppress.  In three issues, Appellant contends the trial court erred in (1) not suppressing certain evidence, (2) imposing court costs not supported by a bill of costs, and (3) imposing court costs unsupported by legally sufficient evidence.  We affirm.

#### BACKGROUND

On October 13, 2015, Tyler Police Officer Luis Aparicio initiated a traffic stop after narrowly avoiding a head on collision with a vehicle whose driver, Frederick Gholston, failed to yield the right-of-way.  Appellant and another individual were Gholston's passengers. Gholston admitted drinking one twenty four ounce can of beer.  Officer Aparicio suspected that Gholston was intoxicated and that there could be an open container of alcohol in the vehicle.  He asked Gholston to exit the vehicle so that he could administer a field sobriety test.  When Gholston exited the vehicle, Officer Aparicio saw a black plastic bag on the floorboard of the driver's side.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(a)(b)(1) (West 2017).

Officer Aparicio thought the black bag was like those used by convenience stores to package alcohol.

A driver's license check revealed that Gholston's license had been suspended. However, Gholston passed his field sobriety test, and Officer Aparicio concluded that he was not intoxicated. The officer issued Gholston a warning ticket for driving with license suspended. When Officer Aparicio handed Gholston the warning ticket, he asked Gholston if he could search the vehicle. Gholston replied, "go ahead." Shortly thereafter, he told the officer that there was an open container in the back of the vehicle.

While Gholston, Appellant, and another passenger stood by the patrol car, Officer Aparicio searched the passenger compartment for open alcoholic beverage containers. He found Gholston's beer can behind the driver's seat. He also found another open alcoholic beverage container and an orange crush can. A striped bag large enough to hold a beer can was on the back seat. When the officer unzipped the bag to look for containers, a strong odor of marijuana came from the bag. Inside the bag, he found two cigar packs, one of which contained a marijuana cigar. Officer Aparicio returned to his patrol car and asked to whom the bag belonged. Appellant said it was her bag. Officer Aparicio arrested her for possession of marijuana. No one was cited for the open containers.

The trial judge made the following findings relevant to this issue:

> 5. When the driver exited the vehicle, Officer Aparicio observed a small black bag on the driver-side floorboard that he identified in his experience as a type commonly used by convenience stores to package alcoholic beverages.
>
> 6. The driver of the vehicle, Frederick Gholston, admitted to Officer Aparicio that he had consumed one 24-ounce beer can the might of October 13th, 2015, before being stopped.
>
> 8. Based on the time of night, the driver's statement that he recently consumed a can of beer, and the black bag observed on the driver-side floorboard of the vehicle, Officer Aparicio suspected that there may be an open container of beer inside the suspect vehicle.
>
> 12. Frederick Gholston consented to Officer Aparicio searching the black bag located in his vehicle.
>
> 14. Before conducting a search of the suspect vehicle, Officer Aparicio asked the driver where the beer cans were located. The driver, Frederick Gholston, responded that the beer cans were located in the back of the vehicle.

This appeal followed.

## TRIAL COURT'S FAILURE TO SUPPRESS EVIDENCE

In her first issue, Appellant contends the trial court erred in not suppressing the evidence of marijuana that she claims was the product of an illegal search.

## Standard of Review

An appellate court affords almost total deference to a trial judge's determination of historical facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). Appellate courts afford the same amount of deference to trial courts' rulings on application of law to fact questions if the resolution of those questions depends upon an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If, as in this case, the trial judge makes express findings of fact, we view the evidence in the light most favorable to the trial judge's ruling to determine whether the evidence supports these factual findings. *Valtierra*, 310 S.W.3d at 447.

An appellate court reviews de novo the application of the law of search and seizure to those facts. *Id*. The trial court's ruling will be sustained if supported by the record and correct on any theory of law applicable to the case. *Id*. at 447-48.

## Applicable Law

The Fourth Amendment forbids unreasonable searches and seizures by government officials. *See* U.S. CONST. AMEND IV. However, a warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle contains contraband. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Probable cause exists when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that either contraband or evidence of a crime will be found. *Id*.

A search pursuant to and within effective consent is reasonable despite the absence of a search warrant and evidence amounting to probable cause. *Juarez v. State*, 758 S.W.2d 772, 776 (Tex. Crim. App. 1988). Consent must be positive and unequivocal. *Meeks v. State*, 692 S.W.2d 504, 509 (Tex. Crim. App. 1985). An officer may solicit consent to search after a traffic stop and resolution of the traffic matter if it is reasonable under the circumstances and officers have not conveyed a message that compliance is required. *Leach v. State*, 35 S.W.3d 232, 235-36 (Tex. App.—Austin 2000, no pet.). A police officer may approach a vehicle without probable cause or reasonable suspicion to ask questions or to even request a search. *See Florida v. Royer*, 460 U.S. 491, 497-98, 103 S. Ct. 1319, 1324, 75 L. Ed. 2d 229 (1983).

A person commits an offense if the person knowingly possesses an open alcoholic beverage container in the passenger area of a motor vehicle located on a public highway. TEX. PENAL CODE ANN. § 49.031(b) (West 2011).

**Discussion**

Appellant insists that the search was illegal because Officer Aparicio was not justified in prolonging the stop after its purpose was completed or reasonably should have been completed. Appellant argues that the officer's authority to detain the driver ceased upon his giving Gholston the warning ticket. Therefore, the subsequent search and seizure were not lawful, and the trial court erred in not suppressing the evidence of the search.

Appellant seeks support from the holding of the court of criminal appeals in *Davis v. State*, 947 S.W.2d 240 (Tex. Crim. App. 1997). Martin Davis was stopped on suspicion of driving while intoxicated. *Davis*, 947 S.W.2d at 241. He did not smell of an alcoholic beverage, and he told the officers he was tired, not drunk. *Id*. The officers quickly determined that he was not intoxicated but continued to question Davis and his passenger separately. *Id*. Davis had no history of convictions and his driver's license was valid. *Id*. A pat down search of Davis discovered no weapons or drugs. *Id*. Twice during his prolonged questioning by the officers, he refused their consent to search his vehicle. *Id*. at 241 n.1. Finally, the officers told Davis that he was free to leave but the vehicle was being detained for investigation. *Id*. at 241. A canine unit was called to the scene. *Id*. A narcotics dog made a positive alert on the trunk where the officers found a suitcase of marijuana. *Id*. The trial court denied Davis's motion to suppress. *Id*. The court of appeals affirmed. *Id*. at 242. The court of criminal appeals reversed, holding that continued detention of the vehicle was not reasonable. *Id*. at 246. Therefore, Davis's detention was unjustified, and the marijuana should have been suppressed. *See id*.

As in *Davis*, Officer Aparicio promptly determined that Gholston was not intoxicated. However, as the State points out, the similarities end there. In this case, Gholston admitted to drinking a twenty four ounce can of beer. The officer had reason to suspect that Gholston had an open container of alcohol in the passenger area of his car in violation of section 49.031 of the penal code. TEX. PENAL CODE ANN. § 49.03. Seconds after receiving the warning, Gholston consented to the search of the vehicle, and quickly admitted that his beer can was in the back seat. Based on this admission, Officer Aparicio had probable cause to search the passenger compartment for open alcoholic beverage containers.

4

Appellant also relies on ***Rodriguez v. United States***, 135 S. Ct. 1609, 191 L.Ed.2d 492 (2015). In ***Rodriguez***, Officer Struble gave Rodriguez a warning ticket for driving on the shoulder. ***Rodriguez***, 135 S. Ct. at 1612-13. Next, Officer Struble asked permission to walk his dog around the vehicle. ***Id***. at 1613. When Rodriguez refused, Struble detained him until a second officer arrived. ***Id***. Struble then retrieved his dog who alerted to the presence of drugs in the vehicle. ***Id***. The ensuing search revealed over fifty grams of amphetamine. ***Id***. Seven or eight minutes had elapsed between Rodriguez's receipt of the warning ticket and the drug dog's alert. ***Id***.

The trial court found that Rodriguez's continued detention was not justified by reasonable suspicion, but concluded that the extension of the stop by seven to eight minutes was only a *de minimus* intrusion in Rodriguez's Fourth Amendment rights and therefore permissible. ***Id***. at 1613-14. The Circuit Court affirmed. ***Id***. at 1614. However, the Supreme Court held that, absent reasonable suspicion, police extension of a traffic stop in order to carry out a drug sniff violated the Constitution's shield against unreasonable seizures. ***Id***. at 1615. A traffic stop becomes unlawful when prolonged beyond the time reasonably required to complete the mission of issuing the traffic ticket. ***Id***. at 1614-15.

In ***Rodriguez***, Officer Struble had no reasonable suspicion to prolong the detention. In the instant case, the stop's extension was justified by Officer Aparicio's reasonable suspicion that there were open containers in the car. Moreover, Gholston admitted that there were beer cans in the vehicle. Almost immediately after handing Gholston the warning ticket, Officer Aparicio asked to search the vehicle. Gholston said, "go ahead." Before searching the vehicle, the officer asked if there was anything in the vehicle and Gholston replied that his can was in the back seat. This admission gave the officer probable cause to conduct a search to locate open containers of alcohol. Officer Aparicio found two open alcoholic beverages that were not entirely empty. He opened the bag on the back seat and immediately smelled marijuana. This gave him probable cause to search the interior pockets of Appellant's bag, in which he found the marijuana cigar.

From our review of the record, we conclude that the evidence clearly supports the trial judge's findings of fact and mixed questions of law and fact. The trial court did not err in denying Appellant's motion to suppress. *See **Valtierra***, 310 S.W.3d at 447-48. Appellant's first issue is overruled.

5

In her second issue, Appellant claims that the trial court erred in imposing court costs not supported by a statutorily required bill of costs.  In this case, the record was supplemented to add a bill of costs to the record.  In her third issue, Appellant contends the evidence is legally insufficient for the trial court to assess court costs in this case.

**Applicable Law**

The Texas Code of Criminal Procedure requires that a judgment of conviction order a defendant to pay court costs.  TEX. CODE CRIM. PROC. ANN. arts. 42.15 (West Supp. 2016), 42.16 (West 2006).  Only statutorily authorized court costs may be assessed against a criminal defendant.  *See id*. art. 103.002 (West 2006).  The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement.  *Id*. art. 103.009(a), (c) (West 2006); *see* **Owen v. State**, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.).  If a criminal action is transferred or appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed."  TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2015).  Article 103.001(b) states that a cost is not payable by the person charged with the cost until a written bill is produced containing the items of costs and signed by the officer who charged the cost or who is entitled to receive payment for the costs.  *Id*. art. 103.001(b) (West Supp. 2016). Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference to be effective, because court costs do not alter the range of punishment to which the defendant is subject, or the number of years assessed, and, thus, are not part of the sentence.  **Armstrong v. State**, 340 S.W.3d 759, 766-67 (Tex. Crim. App. 2011) (citing **Weir v. State**, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)).

A criminal defendant may challenge the bases for court costs for the first time on appeal. **Johnson v. State**, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014).  In most instances, the appellant would have no basis to object because no itemized bill is available when the sentence is imposed in open court and the judgment generally contains only an aggregate figure.  *Id*.  An omitted bill of costs can be prepared and added to the record by a supplemental clerk's record. *Id*. at 392.  A document that contains an itemized list of court costs, the clerk's seal, and a deputy clerk's signature satisfies the requirements for a bill of costs under Article 103.001.  *Id*. at 393. A bill of costs prepared after a criminal trial need not be presented to the trial court because it

6

has no bearing on the defendant's guilt or sentence. *Id*. at 394. The fact that most court costs are mandated by statute dispenses with the need for an ordinary sufficiency review. *Id*. at 388-90. An appellate court reviews "the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id*. at 390.

**Discussion**

Appellant argues that the record on appeal did not contain a bill of costs, although one was requested, and that the court costs in the judgment are without support in the record. Without a timely bill of costs, she insists she had no ability to challenge the legal basis for the court costs assessed. She also insists that supplementation of the appellate record with a certified bill of costs should not be permitted. Appellant contends that the judgment must be modified to delete the unsupported costs.

Appellant relies on *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012), *aff'd as modified*, 423 S.W.3d 385 (Tex. Crim. App. 2014). In *Johnson*, the record contained no bill of costs except for a computer printout filed while the case was on appeal. *Johnson*, 309 S.W.3d at 515 & n.1. The court also noted that there was no "indication that this printout was ever brought to the attention of the trial judge." *Id*. The Fourteenth Court of Appeals found that the trial court erred in entering a specific dollar amount as to court costs since a subsequently filed computer printout did not constitute valid support for the costs imposed. *Id*. at 516-17. The court reformed the trial court's judgment to delete the specific amount of costs. *Id*. at 517.

In this case, Appellant ignores the fact that the Court of Criminal Appeals restored the court costs deleted by the court of appeals and clarified several questions surrounding appellate review of court costs. *Johnson*, 423 S.W.3d at 388-90. The court of criminal appeals's opinion undermines the basis for Appellant's argument. Contrary to Appellant's argument, the court of criminal appeals held that (1) an omitted bill of costs can be prepared and added to the record by a supplemental clerk's record; (2) a bill of costs prepared after a criminal trial does not need to be presented to the trial judge because it has no bearing on the defendant's guilt or sentence; and (3) a typical evidentiary sufficiency review is unnecessary for challenges to assessed court costs because court costs are mandated by statute. *Id*. at 388, 392, 394. The court of criminal appeals

instructed appellate courts to review court costs to determine if there is a basis for assessing them. *Id*. at 390.

In the instant case, an itemized list of court costs, bearing the clerk's seal and the deputy clerk's signature, was prepared and added to the record after the appeal was filed. Article 103.001 is satisfied. *See* TEX. CODE CRIM. PROC. ANN. art 103.001. We have verified the statutory basis for each of the nineteen items of court cots assessed against Appellant. *See, e.g., **Ireland v. State***, No. 03–14–00616–CR, 2015 WL 4914982, at *3 n.3 (Tex. App.–Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (identifying statutory sources for assessment of fees in bill of costs); *see also **Golden v. State***, No. 12-16-00278-CR, 2017 WL 3405201 at *3 n.1 (Tex. App.—Tyler Aug. 9, 2017, no pet. h.) (mem. op., not designated for publication). Appellant's second and third issues are overruled.

## DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment.

**BILL BASS**
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 20, 2017

### NO. 12-16-00308-CR

**SHATANEE HOWARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 002-83318-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*