# NO. 12-17-00388-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEDRICK ERVIN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Dedrick Andrea Ervin appeals from his conviction for felony driving while intoxicated. In a single issue, Appellant contends the imposition of court costs is unsupported by the record. We affirm.

## BACKGROUND

Appellant was charged by indictment with felony driving while intoxicated. Appellant pleaded "not guilty." Following a jury trial, he was found "guilty" and sentenced to twenty years of imprisonment. The judgment reflects the imposition of $538.00 in court costs, but at the time it was signed, a bill of costs was not included in the record. After Appellant filed his brief, the record was supplemented with a bill of costs.

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In his only issue, Appellant contends the trial court erred by imposing court costs because there was no bill of costs, and as a result, the evidence is legally insufficient to support the assessment of court costs in this case. Because the record was supplemented to include a bill of costs, we review Appellant's issue as a challenge to the sufficiency of the evidence.

**Applicable Law**

The Texas Code of Criminal Procedure requires that a judgment of conviction order a defendant to pay court costs. TEX. CODE CRIM. PROC. ANN. arts. 42.15, 42.16 (West 2018). Only statutorily authorized court costs may be assessed against a criminal defendant. *See id*. art. 103.002 (West 2018). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. *Id*. art. 103.009(a), (c) (West 2018); *see Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.). If a criminal action is transferred or appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2018). Article 103.001(b) states that a cost is not payable by the person charged with the cost until a written bill is produced containing the items of costs and signed by the officer who charged the cost or who is entitled to receive payment for the costs. *Id*. art. 103.001(b) (West 2018). Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference to be effective, because court costs do not alter the range of punishment to which the defendant is subject, or the number of years assessed, and, thus, are not part of the sentence. *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)).

A criminal defendant may challenge the bases for court costs for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014). In most instances, the appellant would have no basis to object because no itemized bill is available when the sentence is imposed in open court and the judgment generally contains only an aggregate figure. *Id*. An omitted bill of costs can be prepared and added to the record by a supplemental clerk's record. *Id*. at 392. A document that contains an itemized list of court costs, the clerk's seal, and a deputy clerk's signature satisfies the requirements for a bill of costs under Article 103.001. *Id*. at 393. A bill of costs prepared after a criminal trial need not be presented to the trial court because it has no bearing on the defendant's guilt or sentence. *Id*. at 394. The fact that most court costs are mandated by statute dispenses with the need for an ordinary sufficiency review. *Id*. at 388–90. An appellate court reviews "the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Id*. at 390.

2

**Discussion**

In the instant case, an itemized list of court costs, bearing the clerk's seal and the deputy clerk's signature, was prepared and added to the record after the appeal was filed. Thus, Article 103.001 is satisfied. *See* TEX. CODE CRIM. PROC. ANN. art 103.001. We have verified the statutory basis for each of the nineteen items of court costs assessed against Appellant. *See, e.g., Ireland v. State*, No. 03–14–00616–CR, 2015 WL 4914982, at *3 n.3 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (identifying statutory sources for assessment of fees in bill of costs); *see also Golden v. State*, No. 12–16–00278–CR, 2017 WL 3405201 at *3 n.1 (Tex. App.–Tyler Aug. 9, 2017, no pet.) (mem. op., not designated for publication). Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 20, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 20, 2018**

**NO. 12-17-00388-CR**

**DEDRICK ERVIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1053-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*