# NOS. 12-20-00232-CR
# 12-20-00233-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMY LEE GONZALES,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jimmy Lee Gonzales appeals his convictions for possession of a controlled substance in a correctional facility and possession of a controlled substance in an amount less than one gram. In one issue, he argues that the trial court erred in assessing court costs in each case when the cases were disposed of in a single court proceeding. We modify and affirm.

## BACKGROUND

Appellant was charged by separate indictments for possession of a controlled substance in a correctional facility, a third degree felony, and possession of a controlled substance in an amount less than one gram, a state jail felony.[1] Appellant elected to waive his right to a jury trial in each case and enter a guilty plea in each case in the same proceedings. The trial court accepted Appellant's pleaS of "guilty" and ordered a presentence investigation. At Appellant's punishment hearing on both cases, the trial court sentenced Appellant to six years imprisonment in the possession of a controlled substance in a correctional facility case and fifteen months imprisonment in the possession of a controlled substance case. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.34-.35 (West 2019); 38.11(d)(1), (g) (West Supp. 2020); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

<u>**COURT COSTS**</u>

In his sole issue, Appellant argues that the trial court erred in imposing court costs in multiple cases which were handled in a single plea and sentencing proceeding. The State concedes error.

<u>**Standard of Review and Applicable Law**</u>

The Texas Code of Criminal Procedure requires that a judgment of conviction order a defendant to pay court costs. TEX. CODE CRIM. PROC. ANN. arts. 42.15 (West Supp. 2020), 42.16 (West 2018). Only statutorily authorized court costs may be assessed against a criminal defendant. *See id.* art. 103.002 (West 2018). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. *Id.* art. 103.009(a), (c) (West 2018); *see* ***Owen v. State***, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.). If a criminal action is transferred or appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2018). Article 103.001(b) states that a cost is not payable by the person charged with the cost until a written bill is produced containing the items of costs and signed by the officer who charged the cost or who is entitled to receive payment for the costs. *Id.* art. 103.001(b) (West 2018). Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference to be effective, because court costs do not alter the range of punishment to which the defendant is subject, or the number of years assessed, and, thus, are not part of the sentence. ***Armstrong v. State***, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (citing ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)).

A criminal defendant may challenge the bases for court costs for the first time on appeal. ***Johnson v. State***, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014). In most instances, the appellant would have no basis to object because no itemized bill is available when the sentence is imposed in open court and the judgment generally contains only an aggregate figure. *Id.* An omitted bill of costs can be prepared and added to the record by a supplemental clerk's record. *Id.* at 392. A document that contains an itemized list of court costs, the clerk's seal, and a deputy clerk's signature satisfies the requirements for a bill of costs under Article 103.001. *Id.* at 393. A bill of costs prepared after a criminal trial need not be presented to the trial court because it has no bearing on the defendant's guilt or sentence. *Id.* at 394. The fact that most court costs are

mandated by statute dispenses with the need for an ordinary sufficiency review.  *Id.* at 388–90. An appellate court reviews "the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply."  *Id.* at 390.

**Discussion**

Article 102.073 of the code of criminal procedure states as follows:

> In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

TEXAS CODE CRIM. PROC. ANN. art. 102.073 (West 2018).  Accordingly, because Appellant was convicted of two or more offenses in a single criminal action, the trial court could order payment of court costs only once.  *Id.*; *see, e.g., Ramsey v. State*, 12-18-00266-CR, 2019 WL 4727607, at *5 (Tex. App.—Tyler Sept. 27, 2019, pet. ref'd) (mem. op., not designated for publication); *Clark v. State*, 592 S.W.3d 919, 933 (Tex. App.—Texarkana 2019, pet. ref'd); *Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

The bill of costs in each case assessed identical costs and fees with the exception that the bill of costs in the possession of a controlled substance in a correctional facility contains an additional $2.50 for a "Records Management & Preservation Fee." Appellant argues, and the State concedes, that the amount of court costs is determined by the highest category of offense for which the defendant was convicted. TEX. CODE CRIM. PROC. ANN. art. 102.073(b); *Ramsey*, 2019 WL 4727607, at *5.  We agree with the parties the trial court erred in assessing duplicative court costs against Appellant in each case.  We sustain Appellant's sole issue.

**DISPOSITION**

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment in trial court cause number 007-1972-19 by deleting the court costs from the judgment.  Having ***modified*** the judgment in trial court cause number 007-1972-19, we otherwise ***affirm*** the trial court's judgments in each case.

**B<small>RIAN</small> H<small>OYLE</small>**
Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 30, 2021

NO. 12-20-00232-CR

**JIMMY LEE GONZALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1971-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-20-00233-CR**

**JIMMY LEE GONZALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1972-19)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the court costs from the judgment; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*