COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RICKY GLEN GRUMBLES, | § | No. 08-23-00085-CV |
| Appellant, | § | Appeal from the |
| v. | § | 70th Judicial District Court |
| THE STATE OF TEXAS, | § | of Ector County, Texas |
| Appellee. | § | (TC# A-28,268) |

### MEMORANDUM OPINION[1]

In two issues, Appellant Ricky Glen Grumbles appeals the trial court's order denying his motion to modify and rescind the order to withdraw funds from his inmate trust fund.[2] We affirm.

### BACKGROUND

On September 20, 2001, a jury returned a guilty verdict of two counts of aggravated robbery against Grumbles. The jury subsequently recommended a sentence of 99 years' confinement. On October 16, 2001, the trial court sentenced Grumbles consistent with the jury's

---

[1] We hear this case on transfer from the Eleventh Court of Appeals in Eastland and apply that court's precedent as required by Tex. R. App. P. 41.3.

[2] In *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009), the Supreme Court of Texas held that a case challenging a trial court's ability to seize funds post-judgment is substantively civil, not criminal.

verdict. The trial court's judgment of conviction included assessment of attorneys' fees of $2,387.10, and court costs of $217.25.

Grumbles timely appealed the trial court's judgment of conviction on October 17, 2001. On direct appeal, this Court affirmed the trial court's judgment. *Grumbles v. State*, No. 08-01-00436-CR, 2003 WL 22516092, *10 (Tex. App.—El Paso Nov. 6, 2003, pet. ref'd).

On June 28, 2022, Grumbles filed in the convicting trial court a motion to modify and rescind an order to withdraw funds under Texas Code of Criminal Procedure art. 26.04(p). Grumbles's motion stated: "On the 5th Day of June[] 2012[,] the 70th District Court of Ector County, Texas, sent an Order to Withdraw Funds to the Inmate Trust Fund of the Texas Department of Criminal Justice."[3] On February 17, 2023, the trial court denied Grumbles's motion to modify and rescind the order to withdraw funds. In its written order, the trial court stated that because the assessment of attorney's fees was not complained about in Grumbles's direct appeal, the motion was denied. This appeal followed.

## DISCUSSION

Grumbles appears pro se on appeal and raises two issues. First, Grumbles asserts that once he was found indigent, he is presumed to remain indigent for the remainder of the proceedings, and the trial court erred in assessing attorney's fees against him. Second, Grumbles contends that the trial court erred in failing to hold a hearing prior to assessing attorney's fees.

---

[3] We note that Grumbles previously filed a writ of mandamus in this Court and in the Eleventh Court of Appeals, alleging the Ector County District Clerk refused to file his motions which were both dismissed for want of jurisdiction. *In re Grumbles*, No. 08-22-00230-CR, 2022 WL 17082348, *1 (Tex. App.—El Paso Nov. 18, 2022, orig. proceeding); *In re Grumbles*, No. 11-23-00023-CV, 2023 WL 2316303, at *1 (Tex. App.—Eastland Mar. 2, 2023, orig. proceeding) (mem. op.) (per curiam).

2

## A. Standard of review

Texas prisoners have a property interest in their inmate accounts. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). Section 501.014(e) of the Texas Government Code authorizes the trial court to generate a withdrawal notification directing prison officials to withdraw money from an inmate's account. TEX. GOV'T CODE ANN. § 501.014(e). The withdrawal notifications are commonly known as an Order to Withdraw Funds.

Due process requires that an inmate be afforded the opportunity to contest the dollar amount and statutory basis of the withdrawal of funds via a motion to modify, correct, or rescind the withdrawal notification. *See Owen v. State*, 352 S.W.3d 542, 545-46 (Tex. App.—Amarillo 2011, no pet.) (citing *Harrell*, 286 S.W.3d at 319). The trial court's disposition of an inmate's challenge to such an order creates an appealable order. *See Harrell*, 286 S.W.3d at 321.

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse of discretion standard. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles such that its ruling is arbitrary and unreasonable. *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## B. Court appointed attorneys' fees

In his first issue, Grumbles asserts the trial court erred by ordering the withdrawal of fees because he is indigent.

Although the assessment of attorney's fees as costs is a part of a criminal proceeding, the means of collecting same by a withdrawal order is a civil law matter. *See Armstrong v. State,* 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Harrell,* 286 S.W.3d at 316 n.1. To contest the

3

assessment of court costs and attorneys' fees, complaint must be made by direct appeal of the criminal judgment. *See Armstrong,* 340 S.W.3d at 766–67. An appellant must raise all issues in a direct appeal or risk procedural default. *See Riles v. State*, 452 S.W.3d 333, 337-38 (Tex. Crim. App. 2015) (holding that issues an appellant can raise in a direct appeal from the initial judgment must be raised and failing to do so will result in procedural default); *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013) (holding that challenges to attorney's fees imposed as a condition of community supervision-deferred adjudication must be raised on direct appeal from the initial order for deferred adjudication and not the adjudication of his community supervision).

In 2001, the trial court's judgment of conviction included the assessment of attorney's fees of $2,387.10. Article 26.05(g) of the Code of Criminal Procedure empowers a trial court to assess fees upon conviction if the court finds the defendant is able to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Armstrong*, 340 S.W.3d at 765. By assessing fees, the trial court's judgment of conviction included an implied finding that Grumbles had the ability to pay fees assessed. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) ("If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . . including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay.").

Grumbles then timely appealed this judgment of conviction but did not attack the sufficiency of the evidence to support the trial court's imposition of attorney's fees. *See Grumbles*, 2003 WL 22516092, *3–7. Any complaint that there was insufficient evidence to support such finding should have been brought in Grumbles's direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) ("Thus the defendant's financial resources and ability to pay are

4

explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.") Here, once Grumbles's judgment of conviction became final, the assessment of fees was no longer subject to review based on insufficient evidence to support the trial court's finding of an ability to pay. *See Bronaugh v. State*, No. 10-19-00410-CV, 2022 WL 861184, at *2 (Tex. App.—Waco Mar. 23, 2022, no pet.) (holding appellant's challenge against attorney's fees assessed in his 2003 conviction was subject to procedural default when it was not brought in a direct appeal); *Malone v. State*, Nos. 02-10-00383-CV thru 02-10-00390-CV, 2012 WL 579472, at *3 (Tex. App.—Fort Worth Feb. 23, 2012, pet. denied) (mem. op. on rehr'g) (holding appellant's complaint that because he was indigent at sentencing, the trial court erred in ordering him to pay attorney's fees assessed in his original conviction was waived as it was not raised on direct appeal); *Massey v. State*, Nos. 07-12-0132-CV and 07-12-0133-CV, 2013 WL 692121, at *1 (Tex. App.—Amarillo Feb. 22, 2013, no pet.) (mem. op.) (affirming trial court's denial of appellant's motion to modify or rescind order to withdraw funds from his inmate trust account because it was not brought in a direct appeal of his judgment of conviction).

Accordingly, we overrule Grumbles's first issue entirely. To the extent his second issue similarly challenges the trial court's order authorizing withdrawal of funds from his inmate account, we overrule in part his second issue.

## C. Procedural due process

To the extent we can interpret Grumbles's second issue in its remaining part as a complaint asserting the trial court violated his procedural due process rights by granting the withdrawal order without first giving him notice and holding a hearing, we hold the record establishes that Grumbles received procedural due process.

5

The Fourteenth Amendment of the United States Constitution guards against deprivation of life, liberty, or property by the State without due process of law. U.S. CONST. amend XIV. A procedural due process claim must establish (1) an existing liberty or property interest, and (2) the procedures provided were constitutionally insufficient. *Kentucky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989). A prison inmate has a property interest in his inmate account. *Harrell,* 286 S.W.3d at 319. Regarding withdrawals from an inmate account, due process requires that an inmate receive (1) notice via a copy of the withdrawal order or other notification from the trial court, and (2) an opportunity to be heard, which can be satisfied by a motion made by the inmate. *Id.* at 321. But neither notice nor an opportunity to be heard need occur before the funds are withdrawn. *Id.*

Here, Grumbles's motion acknowledges he received a copy of the trial court's withdrawal order issued on June 5, 2012. Accordingly, Grumbles received proper notice. Moreover, this appeal is taken from the denial of his motion to modify and rescind the order to withdraw funds. He therefore has been afforded an opportunity to be heard. *Harrell,* 286 S.W.3d at 320–21.

Grumbles received procedural due process and we overrule the remaining part of his second issue.

## CONCLUSION

Having overruled both issues, we affirm the trial court's judgment.

GINA M. PALAFOX, Justice

August 17, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

6